UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BRADEN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>RLI INSURANCE COMPANY,<br><br>        Defendant. | Case No.  24-cv-04599-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Plaintiffs allege Defendant owes a duty to defend them in a pending civil action under an insurance policy to which Plaintiffs are beneficiaries.  Defendant moves to dismiss on the grounds Plaintiffs' claimed relief is barred by an insurance policy exclusion.  (Dkt. No. 9.)[1]  Having carefully reviewed the parties' briefing, and with the benefit of oral argument on September 26, 2024, the Court DENIES the motion to dismiss.  Because this Court cannot take judicial notice of the truth of the matters asserted in the underlying action's complaint, Defendant has not carried its burden to prove the contract exclusion applies as a matter of law.

## BACKGROUND

**I.    Complaint Allegations**

Plaintiffs entered into a Personal Umbrella Liability Policy ("Policy") providing coverage under four insuring agreements, including an agreement for "Watercraft Liability."  (Dkt. No. 1-1 at ¶7-9.)  The Policy "provided defense and indemnity coverage to [them] for bodily injury claims," and such coverage was in effect from January 30, 2021 through January 30, 2022. (Dkt. No. 1, Ex. A, at ¶10, 7.)

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

On January 22, 2022, Brett Blanco, by and through his guardian ad litem ("underlying plaintiffs"), instituted an action against Plaintiffs for injuries suffered by him as a result of Plaintiffs' alleged negligent operation of a boat. (Dkt. No. 1-1 at ¶6.) Plaintiffs "timely notified RLI of the claims" in the underlying litigation "and requested that RLI provide them with a defense to these claims, and pay on their behalf any sum that they may be liable to pay" as a result. (Dkt. No.1-1 at ¶22.) RLI refuses to defend or indemnify Plaintiffs in the underlying litigation. (Dkt. No.1-1 at ¶23-24.) This insurance coverage dispute litigation followed.

**LEGAL STANDARD**

**I.      Motion to Dismiss**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this requirement, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, conclusory assertions are insufficient to state a claim. *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged. *Id.*

The Court may consider evidence on which the complaint necessarily relies if the complaint refers to the document, the document is central to the plaintiff's claim, and no party questions the authenticity of the document. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *see also Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1162-63 (9th Cir. 2019). "Although mere mention of the existence of a document is insufficient to incorporate the contents of a document, the document is incorporated when its contents are described and the document is integral to the complaint." *Tunac v. United States*, 897 F.3d 1197, 1207 n.8 (9th Cir. 2018) (internal quotation marks and citation omitted).

Though the complaint does not attach the Policy, it extensively references and cites the same. (Dkt. 1-1 at ¶5, 7-10, 12-17, 19, 21, 25-17, 29, 34.) The Policy underlies Plaintiffs' claims and forms the basis for their requested relief. (Dkt. 1-1 at ¶12-15, 19-29, 33-34.) Further, neither party questions the authenticity of the Policy. (Dkt. 1-1 at ¶ 7; Dkt. 9 at 7). As such, the Court

2

considers the Policy in ruling on this motion.[2]

## II. Insurance Contract Interpretation

This case is governed by California law. *Hyundai Motor Am. v. Nat'l Union Fire Ins. CO. of Pittsburgh, Pa.*, 600 F.3d 1092, 1097 (9th Cir. 2010) (applying California law in federal diversity action). "Interpretation of an insurance policy is a question of law and follows the general rules of contract interpretation." *Franklin Loan Corporation v. Certain Underwriters at Lloyd's, London*, Case No. EDCV 11-00215 VAP (DTBx), 2011 WL 13224854, at *4 (C.D. Cal. Apr. 5, 2011). If an insurer demonstrates that an exclusion in its policy bars coverage, the court may properly dismiss the claim. *Mudpie, Inc. v. Travelers Casualty Ins. Co.*, 15 F.4th 885, 893-894 (9th Cir. 2021).

Under California law, "*Insurance coverage is interpreted broadly so as to* afford the greatest possible protection to the insured, whereas exclusionary clauses are interpreted narrowly against the insurer." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1032 (9th Cir. 2008) (quoting *MacKinnon v. Truck Ins. Exchange,* 31 Cal.4th 635, 648 (2003)). And "[t]he determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, 295 (1993). Meanwhile, "[a]n insurer may rely on an exclusion to deny coverage only if it provides *conclusive evidence* demonstrating that the exclusion applies." *Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal. App. 4th 1017, 1038-1039 (2002). Thus, when relying on an exclusion to deny coverage, an insurer bears "the burden of proving, through conclusive evidence, that the exclusion applies in all possible worlds." *Id.* at 1039. A court interpreting an exclusion "must attempt to put itself in the position of a layperson and understand how he or she might reasonably interpret the exclusionary language." *MacKinnon*, 31 Cal.4th at 649.

---

[2] Plaintiffs offer two declarations and three exhibits in support of their opposition to the present motion. (Dkt. 12-1, 12-2.) Defendants object to this evidence as improper on the basis that these were not incorporated by reference in the complaint and consideration of material outside the pleadings is improper at the motion to dismiss stage. (Dkt. 14 at 8-9.) The Court GRANTS Defendant's objection and does not rely on the documents presented by Plaintiffs in ruling on this motion.

3

**DISCUSSION**

**I.      Defendant's Request for Judicial Notice**

Generally, a district court cannot "consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6);" however, Federal Rule of Evidence 201 allows a district court to do so through judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). A court can take judicial notice of facts "not subject to reasonable dispute" because they are "generally known within the court's territorial jurisdiction" or can be "accurately determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "undisputed matters of public record, including documents on file in federal and state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). However, courts may not take "judicial notice of *disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); *see also Khoja Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("[A] court cannot take judicial notice of disputed facts contained in such public records.").

The Court GRANTS Defendant's requests for judicial notice of the underlying complaint, cross-complaint, and associated documents filed in California state court as these are public records. *Harris*, 682 F.3d at 1132. But the Court does not take judicial notice of the documents for the truth of the facts stated therein, to the extent the facts are disputed. *Lee*, 250 F.3d at 690; *Dicey v. Pickens*, 506 F. App'x 647, 648 (9th Cir. 2013); *Hampton v. California*, No. 22-15481, 2023 WL 6443897, at *1 (9th Cir. Oct. 3, 2023) ("Defendants' knowledge and the Receiver's involvement are key factual disputes in this case, and it would be inappropriate for us to take judicial notice of such disputed facts."); *United States v. Pangang Grp. Co., Ltd.*, 6 F.4th 946, 959 (9th Cir. 2021) ("Although we do not take judicial notice of the truth of this earlier-submitted evidence concerning the Government's theory of PGC's corporate ownership, we can take judicial notice of the fact that the Government asserted such a theory.");

**II.     Whether Coverage is Excluded as a Matter of Law**

Defendant does not dispute Plaintiffs have met their burden of initially showing coverage under the Policy; instead, it contends an exclusion bars coverage. In particular, the Policy

4

excludes coverage for "Injury arising out of the ownership, maintenance, operation, boarding or debarking of any Watercraft which exceeds forty-five (45) feet in length …" (Dkt. 9-5, Part V, §X.)  Defendant insists this exclusion applies because the boat which allegedly led to the underlying lawsuit is 60 feet in length.  The only evidence Defendant offers to support its assertion as to the boat's length is the boat rental contract between the parties in the underlying action which refers to the boat as a "60' Party Cruiser". (Dkt. 9-4 at 18).  The contract is attached to a cross-complaint in the underlying action of which the Court took judicial notice.  But while the Court took judicial notice of the cross-complaint and attached exhibit, it cannot and did not take judicial notice of the facts stated in those documents, especially facts subject to dispute, such as the boat's length.  Since Defendant's motion to dismiss relies entirely on the Court accepting that the contract's reference to a "60' Party Cruiser" means the boat was 60 feet as a matter of indisputable fact—that is, to accept the truth of the matters stated in the documents—the motion to dismiss must fail.  Taking judicial notice of such fact would be error.  *Mitchell v. Tillett*, 715 F. App'x 741, 742 (9th Cir. 2018) ("We deny Mitchell's pending motion for judicial notice of a law review article because a court may not take judicial notice of a fact that is 'subject to reasonable dispute' and the law review article is a source whose accuracy may be debated and questioned.") (cleaned up).

At oral argument, Defendant relied on *Montrose* for the proposition that if it appears from the facts *as pleaded in the underlying complaint* that an exclusion applies, such exclusion therefore applies as a matter of law.  Not so.  *Montrose* held an insurer may only rely on an exclusion to bar its duty to defend when "the third party complaint *can by no conceivable theory raise a single issue which could bring it within the policy coverage*." *Montrose*, 6 Cal. 4th at 300.  The court went on to hold "the insured must prove the existence of a *potential for coverage*, while the insurer must establish *the absence of any such potential*." *Id.*  "Facts merely tending to show that the claim is not covered, or may not be covered, but are insufficient to eliminate the possibility that resultant damages (or the nature of the action) will fall within the scope of coverage, therefore add no weight to the scales." *Id.*  Defendant would have this Court find instead that pleaded, unsubstantiated allegations in the underlying complaint, as a matter of law,

5

exclude coverage. But "because current pleading rules liberally allow amendment; the third party plaintiff cannot be the arbiter of coverage." *Id.* at 296. Further, such a holding is inconsistent with the long-established law that "[a]n insurer may rely on an exclusion to deny coverage only if it provides conclusive evidence demonstrating that the exclusion applies." *Atl. Mut. Ins. Co.*, 100 Cal. App. 4th at 1038.

So, Defendant has not met its burden to show the cited exclusion applies. *Manzarek*, 519 F.3d at 1032.

**CONCLUSION**

Drawing all reasonable inferences in Plaintiff's favor, Defendant has not shown that the Policy provision excluding boats larger than 45 feet from coverage applies to the underlying action as a matter of law. Defendant's motion to dismiss is therefore DENIED.

This Order disposes of Docket No. 9.

**IT IS SO ORDERED.**

Dated: September 27, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge