UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BRADEN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>RLI INSURANCE COMPANY,<br><br>    Defendant. | Case No. 24-cv-04599-JSC<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR LEAVE TO AMEND**<br><br>Re: Dkt. No. 39 |

Plaintiffs sue Defendant to enforce defense and indemnity insurance policy provisions. (Dkt. No. 1-1.)[1] Defendant moves for leave to amend its Answer to Plaintiffs' Complaint to add affirmative defenses. (Dkt. No. 39.) Having carefully reviewed the parties' briefing, and with the benefit of oral argument on June 5, 2025, the Court GRANTS leave to amend in part.

## BACKGROUND

### I.  Complaint Allegations

Plaintiffs' policy purchased from Defendant (the "Policy") provides coverage under four insuring agreements, including for "Watercraft Liability." (Dkt. No. 1-1 at ¶ 7-9.) The Policy "provided defense and indemnity coverage to [Plaintiffs] for bodily injury claims," and such coverage was in effect from January 30, 2021 through January 30, 2022. (*Id.* ¶ 10, 7.)

On January 22, 2022, Brett Blanco, by and through his guardian ad litem ("underlying plaintiffs"), instituted an action against Plaintiffs for injuries suffered as a result of Plaintiffs' alleged negligent operation of the insured boat. (*Id.* ¶ 6.) Plaintiffs "timely notified [Defendant] of the claims" in the underlying litigation "and requested that [Defendant] provide them with a

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

defense to these claims, and pay on their behalf any sum that they may be liable to pay" as a result. (*Id.* ¶ 22.) Defendant refuses to indemnify Plaintiffs in the underlying litigation, and until initiation of this action, refused to provide a defense. (*Id.* ¶ 23-24.)

## II.     Procedural Background

Defendant timely removed this action from state court to federal court on July 30, 2024. Soon after, Defendant unsuccessfully moved to dismiss the Complaint on the grounds the Policy's Exclusion X excluded coverage as a matter of law. (Dkt. No. 9.) After the Court denied its motion, Defendant filed an Answer to the Complaint, asserting seven affirmative defenses, including that the Policy's Exclusions K and X excluded coverage. (Dkt. No. 18.) Subsequently, the Court issued its first Pretrial Order, setting March 20, 2025 as the deadline to amend pleadings. (Dkt. No. 24.) The day before the amendment deadline, the parties stipulated to extend the deadline to April 15, 2025 and indicated they were meeting and conferring regarding any proposed amendments. (Dkt. No. 33.) Then, on April 11, 2025, the parties stipulated to extend the deadline to move to amend once more, now to April 18, 2025. (Dkt. No. 36.)

The parties have more than once stipulated to move the further case management conference and other case deadlines pending mediation of the underlying suit. (Dkt. Nos. 30, 33.) In their most recent joint case management statement, the parties indicated the underlying plaintiffs "ha[ve] tentatively resolved [their] claims against" Plaintiffs here, though a global settlement in that case is still pending. (Dkt. No. 41 at 6.).

Two days before the deadline to move to amend pleadings, Defendant filed the now pending motion for leave to amend its Answer to add 14 new affirmative defenses and ten declaratory relief counterclaims. (Dkt. No. 39; *see also* Dkt. No. 39-12.)[2] In particular, Defendant seeks to include new defenses and counterclaims based on: (1) Exclusion W.1, barring coverage when the covered boat was entrusted to another because the underlying plaintiffs allege Richard Braden was driving the boat with Jamie Braden's permission; (2) Exclusion W.4, barring coverage

---

[2] Documents which the Court previously judicially noticed in its September 27, 2024 Order are also noticed here. (Dkt. No. 17.) To the extent Defendant requests notice of documents in the record, judicial notice is not required. (Dkt. Nos. 39-4, 39-8, 39-9.)

1  when covered persons assume liability based on Plaintiffs' rental agreement with the Marina; (3)
2  Condition O, precluding coverage for payment made without the Insurer's consent; and (4)
3  additional legal and equitable defenses. (*Id.*)

## DISCUSSION

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. Proc. 15(a)(2). This policy "is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). "However, the district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). But "[n]ot all of the factors merit equal weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (citations omitted).

Plaintiffs argue no factor favors amendment, though they do not contest Defendant has not previously amended its Answer. (Dkt. No. 43 at 10-19); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) ("[T]his court considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint.") (cleaned up) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015).

### A. Prejudice to Plaintiffs

"[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing the amendment bears the burden of showing prejudice." *Alzheimer's Inst. of Am. v. Elan Corp. PLC*, 274 F.R.D. 272, 276 (N.D. Cal. 2011) (citing *DCD Programs*, 833 F.2d at 190).

Plaintiffs claim prejudice from needing to engage in "additional and prolonged fact and

3

expert discovery, [and] a new trial date." (Dkt. No. 43 at 17.) But fact discovery has not yet closed and the parties already agreed, if the Court grants Defendant's motion, to extend discovery deadlines. (Dkt. No. 41 at 7.) Plaintiffs further argue additional discovery "is an absolute certainty, given that [Defendant] has yet to respond to any discovery." (Dkt. No. 43 at 17.) But Plaintiffs have not alleged they met and conferred with Defendant prior to filing this motion, and indicate they only raised discovery issues for the first time on April 18, 2025—two days *after* Defendant moved for leave to amend. (Dkt. No. 43-1 ¶ 10; Dkt. No. 43-10). Plaintiffs do not explain why allowing Defendant to amend prejudices them given their position that Defendant has allegedly "yet to respond to any discovery." (*Id.*)[3]

Plaintiffs' citation to *Jackson*, when the Ninth Circuit held additional discovery would be burdensome because the plaintiffs' "additional claims advance[d] different legal theories and require[d] proof of different facts," is unpersuasive. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). In *Jackson*, the plaintiffs sought to amend their complaint a year after the close of discovery at the same time the district court was to consider motions for summary judgment. *Id.* at 1386-87. Here, by contrast, discovery has not yet closed and the parties have already agreed to move discovery deadlines if the Court grants leave to amend. Additionally, the *Jackson* parties had already litigated some issues in a concurrent state court action and amendment "would require [the plaintiffs] to relitigate a portion of their state court action with their insurer on the different theories raised." *Id.* at 1388. Here, the Court has only addressed whether Exclusion X bars relief at the pleading stage.

Since Plaintiffs have not met their burden to show prejudice, this factor favors granting leave to amend. Absent prejudice, Plaintiffs must make "a strong showing of any of the remaining *Foman* factors, [otherwise] there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.

---

[3] Defendant also argues "no subpoenas to third parties have been issued, no depositions have been noticed, let alone taken, and the trial date is not until 2026." (Dkt. No. 44 at 9.) Since this fact is not attested in a declaration, the Court does not consider it. N.D. Cal. Civ. Loc. R. 7-5 ("Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record.").

4

### B. Whether Defendant's Amendment is Unduly Delayed

Defendant sought to amend its Answer by the parties' stipulated deadline to move for leave to amend and six months after filing its original Answer to the Complaint. (Dkt. No. 37.) Plaintiffs nonetheless argue Defendant unduly delayed because Defendant's claims and defenses under Exclusions W.1 and W.4 are based on facts known to it when it filed its original Answer to Plaintiffs' Complaint. Specifically, Plaintiffs argue Defendant has always been aware of the Policy and Defendant knew of the underlying rental agreement which allegedly triggered Exclusion W.4 even before the boating accident. Plaintiffs further argue Defendant has been aware of the entrustment of the boat since at least prior to the original Answer. Plaintiffs cite Ninth Circuit caselaw holding, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

But the cases upon which Plaintiffs rely are distinguishable. *See id.* at 1395 (upholding denial of leave to amend because the plaintiffs sought leave after discovery was completed and "[a]fter oral argument on the summary judgment motion, but before the district court granted the motion"); *Jackson*, 902 F.2d at 1388 (finding undue delay when the plaintiffs "informed the court of their intention to file an amended complaint in March 1987, in May 1987, and in February 1988, but they delayed offering their amended complaint until May 1988[,]" a year after the close of discovery); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding undue delay when the plaintiff "had been considering [amendment] three months before the stipulated deadline" but did not seek leave to amend until "several months after the stipulated deadline"); *In re Fritz Cos. Sec. Litig.*, 282 F. Supp. 2d 1105, 1110 (N.D. Cal. 2003) (finding undue delay when the plaintiffs "offered [no] reasonable explanation for the extraordinary lapse" of three years between the Ninth Circuit's remand of the court's dismissal of the complaint and the motion for leave to amend).

Further, Defendant contends certain facts had not materialized until after it filed its Answer, such as Plaintiffs' settlement of the underlying suit, which forms the basis for its claims

5

under Exclusions W.1 and W.4, and Condition O.  While Condition O may not have been triggered until Plaintiffs entered the settlement agreement, according to Defendant's motion, Defendant has been aware of the Marina's indemnity clause (allegedly implicating Exclusions W.1 and W.4 ) since at least 2021.  (Dkt. No. 39 at 8.)  That Defendant was aware of the rental agreement and therefore its indemnity clause prior to answering the Complaint is further evidenced by Defendant's citation of the rental agreement in its August 2024 motion to dismiss— filed two months before it filed its original Answer.  So, other than Condition O, Defendant could have raised these claims and defenses well before April 2025.

In sum, because facts had not arisen as to Condition O until somewhat recently, Defendant's amendment to add this claim and defense is not unduly delayed.  Defendant offers no reason why it delayed adding other claims and defenses of which it was aware prior to filing its original Answer.  Because amendment is sought within the amendment deadline, Defendant's amended Answer is not unduly delayed, but since Defendant could have raised these claims and defenses much sooner than it did, this factor is neutral.

### C. Whether Amendment Would be Futile

"Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin*, 194 F.3d at 986 (citing *Morongo Band Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  "'Courts rarely deny a motion for leave to amend for reason of futility.'" *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 656 (N.D. Cal. 2025) (quoting *Fujifilm Corp. v. Motorola Mobility LLC*, 12-cv-03587-WHO, 2014 WL 2730724, at *5 (N.D. Cal. June 16, 2014)).  So, when "a proposed amended claim involves complicated factual or legal issues, it is generally preferable for the sufficiency of that claim to be addressed on a fully briefed motion to dismiss rather than under the more circumscribed Rule 15(a) 'futility' analysis." *Id.*

Plaintiffs argue Defendant's new claims and defenses under Exclusions K, W.1 and W.4, and Condition O would be futile because these provisions are unenforceable under California law since the Exclusions are not "plain and clear," *Cal-Farm Ins. Co. v. TAC Exterminators, Inc.*, 172 Cal. App. 3d 564, 578 (1985), and Condition O was not "stated in conspicuous, unambiguous and

unequivocal language which an ordinary layman can understand." *Thompson v. Occidental Life Ins. Co.*, 9 Cal. 3d 904, 912 (1973).  But Plaintiffs only provide a short, conclusory analysis of the Policy's language without expounding further on why, as a matter of law, these claims are futile.  The Court cannot determine the claims and defenses are unenforceable as a matter of law on such limited briefing.

As to Defendant's claim and defense based on Exclusion K, Plaintiffs argue futility because no criminal action was instituted against Jamie Braden.  (Dkt. No. 43 at 16.)  But Exclusion K applies to injuries "resulting from, arising out of or connected with any activity for which any criminal charge is brought against *anyone covered by this policy*."  (Dkt. No. 39-7 at 8 (emphasis added).)  Plaintiffs do not explain why the Court must conclude, as a matter of law and without further opportunity to brief the issue, that the exclusion is not triggered when at least one person covered by the Policy is criminally charged.  So, Defendant "ought to be afforded an opportunity to test [its] claim[s] on the merits."  *See DCD Programs*, 833 F.2d at 188.

This factor favors granting leave to amend.

### D.  Whether Defendant Acted in Bad Faith

Plaintiffs argue Defendant's amendment is made in bad faith because it has delayed or provided insufficient discovery on existing claims and the parties have not conducted discovery on Defendant's proposed counterclaims.  (Dkt. No. 43 at 13-14.)  The Court is unpersuaded.  First, that the parties have not conducted discovery on claims not yet in suit is unsurprising and proper.  Indeed, "[p]arties may obtain discovery regarding any nonprivileged matter that *is relevant to any party's claim or defense* and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1) (emphasis added).  Second, although Plaintiffs contend Defendant has failed to provide adequate discovery, they admit Defendant "requested multiple extensions of time to respond to plaintiffs' discovery, which [Plaintiffs'] granted out of professional courtesy."  (Dkt. No. 43-1 ¶ 11.)  And Plaintiffs indicate they "initiat[ed] a meet and confer" through an email sent to Defendant's counsel two days *after* Defendant filed its motion for leave to amend.  (Dkt. No. 43-1 ¶ 10; Dkt. No. 43-10).  Given Plaintiffs only recently began the process of meeting and conferring on alleged discovery deficiencies, Defendant's discovery conduct does not indicate bad faith.

7

     Plaintiffs further argue Defendant's failure to consent to settlement in the underlying state lawsuit evinces bad faith. (Dkt. No. 43 at 14.) This fact does not speak to whether Defendant's *amendment* is in bad faith, but instead raises disputes of fact as to the applicability of an exclusion to coverage.

     Thus, this factor weighs in favor of granting leave to amend.

*  *  *

     Because all five factors favor leave to amend or are neutral, and Plaintiffs have not shown otherwise, the Court GRANTS leave to amend.

## CONCLUSION

     For the reasons stated above, Defendant's motion for leave to amend its Answer to the Complaint is GRANTED in part. As discussed at oral argument, Defendant is not granted leave to assert the following proposed affirmative defenses as they are not affirmative defenses or not sufficiently pled:

     Failure to State a Claim (First Affirmative Defense)

     No Coverage under Umbrella Policy (Fifth Affirmative Defense)

     Failure of Condition Precedent (Sixth Affirmative Defense)

     No Duty to Defend (Seventh Affirmative Defense)

     No Duty to Indemnify (Eighth Affirmative Defense)

     No Breach of Contract (Ninth Affirmative Defense)

     Good Faith (Tenth Affirmative Defense)

     No Proximate Cause (Fourteenth Affirmative Defense)

     Equities (Eighteenth Affirmative Defense)

     Right to Raise Additional Defenses (Twentieth Affirmative Defense)

*See Zivokovic v. S. California Edison Co.,* 302 F.3d 1080, 1088 (9th Cir. 2002) ("a defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense"); *ACCU Casting Co. Inc. v. Yunhong Zou*, No. 2:22-CV-05377 MEMF (AFMX), 2023 WL 6783302, at *6 (C.D. Cal. May 19, 2023) ("district courts within the Ninth Circuit commonly strike purported affirmative defenses that are not true affirmative defenses").

Defendant must file its proposed amended Answer consistent with this Order no later than June 16, 2025.  In light of the parties' representation at oral argument that they will be filing a stipulation to continue all case dates, the Court does not at this time adopt the parties' amended schedule as indicated in their April 17, 2025 joint case management statement.  (Dkt. No. 41 at 7.)  A further Case Management Conference is scheduled for July 24, 2025 at 2:00 p.m. via Zoom video.  An updated Joint Case Management Conference Statement is due July 17, 2025.

This Order disposes of Docket No. 39.

**IT IS SO ORDERED.**

Dated: June 13, 2025

JACQUELINE SCOTT CORLEY
United States District Judge